IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CYNTHIA JAFARY,

          Plaintiff,

v.                                           CIVIL ACTION NO. 5:20-cv-00647

CITY OF BECKLEY,
a municipal corporation;
JUSTIN WARD,
in his individual and official capacities; and
ZANE ENGLAND,
in his individual and official capacities

          Defendants.

MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is a Motion to Set Aside Default [ECF No. 14] filed by Defendants City of Beckley, Justin Ward, and Zane England. The plaintiff has filed a response [ECF No. 17] to this motion and do not oppose the relief requested by Defendants. For the reasons discussed below and no objection appearing, this motion is **GRANTED**, and the entry of default is **SET ASIDE**.

II.    Background

Plaintiff commenced this civil action by filing a complaint in this Court on September 30, 2020. The complaint and summons were issued October 5, 2020. The deadline to answer the complaint was October 26, 2020. The Clerk entered a default against Defendants on October 27, 2020. [ECF NO. 9] and ordered the Plaintiff to make the necessary showings for an entry of default judgment. Defendants moved to

set aside the default, claiming that defense counsel did not believe that Defendants were served with the complaint and summons until October 7, 2020.

### III. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. Notably, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Id.* at 420.

### IV. Discussion

Defendants addressed the factors that this Court is to consider in its Motion to Set Aside Default. The multi-factor approach favors setting aside the Clerk's entry of default in this case.

a. Meritorious Defense

The first factor, whether the moving party has presented a meritorious defense, weighs against setting aside the entry of default. To find a meritorious defense, "the defaulting party must proffer evidence which, if believed, would permit the factfinder to find for the defaulting party after a trial on the merits, or would establish a valid counterclaim." *Burton v. TJX Cos.*, No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). There must be facts to support the defense, not just conclusory statements. *Id.*

Here, Plaintiff alleges that Defendants falsified an arrest warrant. Defendants deny this charge but have not presented factual evidence beyond conclusory statements that the criminal complaint did not contain false information. This factor therefore weighs against setting aside the default.

b. Reasonable Promptness

Whether a party has acted reasonably promptly to set aside an entry of default must be determined "in light of the facts and circumstances of each occasion . . . ." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside. *See United States v. $10,000.00 in U.S. Currency*, No. 1:00-cv-0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002); *Esteppe v. Patapsco & Back Rivers R.R. Co.*, No. H-00-3040, 2001 WL 604186, at *4 (D. Md. May 31, 2001); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D.

Md. 2001). The Fourth Circuit has held that a movant "did not act promptly" by filing a motion to set aside an entry of default approximately two and one-half months after the default was entered. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

In this case, default was entered by the Clerk on October 27, 2020. Defendants filed their Answer on October 28, believing that to be the answer deadline. Defendants promptly moved to set aside the default on November 2.

### c. Personal Responsibility of the Defaulting Party

The court finds that the personal responsibility factor weighs in favor of setting aside the entry of default. "[T]he Fourth Circuit has recognized that attorney inaction—without some sort of attendant fault of the defendant, personally—leads to a finding of no *personal* responsibility of the defaulting party." *Pearson v. Giles Industr., Inc.* No. 3:13-19629, 2013 WL 6048714, at *2 (S.D. W. Va. Nov. 13, 2013). Here, there is no indication that Defendants were personally responsible for the entry of default. In its Motion, Defendants state that service was improper. Plaintiff responds that Defendants' counsel received a courtesy copy of the complaint the day it was filed. In any event, I cannot find that Defendants were personally responsible for the entry of default.

### d. Prejudice to Non-movant

The non-defaulting party bears the burden of showing prejudice. *Combustion Sys. Sales, Inc. v. Eastern Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 691 (M.D.N.C. 1986). Here, Plaintiff has not indicated any prejudice, and the court does not find that the Plaintiff will be prejudiced if the default is set aside. "In the context

4

of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. Accordingly, this factor weighs in favor of setting aside the default.

### e.  History of Dilatory Action

Nothing in the record indicates any previous history of dilatory action by Defendants, and no party has asserted that there is a history of dilatory action. Thus, the court finds that this factor weighs in favor of setting aside the default.

### f.  Less Drastic Sanctions

Finally, the court briefly considers the availability of less drastic sanctions as an alternative to the entry of default. Though neither party has suggested alternative sanctions, less drastic sanctions are available. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (holding that when a party defaults, an award of fees and costs is an appropriate lesser sanction). The court finds, however, that less drastic sanctions—while available—are inappropriate in this case. Nonetheless, this factor weighs in favor of setting aside the default.

### g.  Totality of Factors

While the court finds that Defendants have failed to set forth a meritorious defense, the court also finds that the remaining factors weigh in favor of setting aside the entry of default, particularly where, as here, Plaintiff does not oppose the Motion. Even with conflicting considerations, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). The court finds that there is good cause to vacate the entry of default in Synchrony's favor.

## V.     Conclusion

For the foregoing reasons, Defendants' Motion to Set Aside Default [ECF No. 14] is **GRANTED**. The court **ORDERS** that the entry of default [ECF No. 9] be **SET ASIDE**. The court further **ORDERS** that Defendants' answer to the Complaint [ECF No. 11] be accepted as filed.

Plaintiff's Motion to Continue the deadline for undertaking the required acts to facilitate the entry of a default judgment [ECF No. 18] is **DENIED as MOOT.**

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:     November 19, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE